## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **STEPHANIE CATANZARO,** | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.** |
| | ) | |
| **TRANS UNION, LLC.  and** | ) | |
| **VERIZON NEW ENGLAND, INC.,** | ) | |
| **Defendants** | ) | |

## COMPLAINT AND REQUEST FOR JURY TRIAL

Plaintiff brings this action seeking injunctive relief and damages due to misconduct in furnishing and reporting erroneous credit information regarding plaintiff. Plaintiff alleges that both defendants violated the Fair Credit Reporting Act ("FCRA") and its Massachusetts counterpart in multiple respects, and that defendant Verizon also violated the Fair Debt Collection Practices Act ("FDC"A").

## Parties

1.  Plaintiff Stephanie Catanzaro is an individual who at all relevant times has resided in Haverhill, Essex County, Massachusetts.

2.   Defendant Trans Union, LLC.,. is, on information and belief, a duly organized and existing limited liability corporation with a principal place of business located in Chester, Pennsylvania, and which is engaged in business in the Commonwealth of Massachusetts. Trans Union is a "consumer reporting agency" as said term is defined in the FCRA.

3.  Defendant Verizon New England, Inc. ("Verizon") is a duly organized and existing New York corporation which is engaged in business in the Commonwealth of Massachusetts.

### Jurisdiction and Venue

4.  Plaintiff's claims arise under 15 U.S.C. §1681 *et seq.* and this Court therefore has subject matter jurisdiction over said claims pursuant to 15 U.S.C. §§1681(p) and 1692k(d).  This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear and adjudicate any claims arising under state law.

5.  Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### Statement of Facts

6.  Trans Union issued a credit report to plaintiff dated August 28, 2008, which listed 2 Verizon accounts as being delinquent and in collections. At plaintiff's request, plaintiff's father called Trans Union and informed Trans Union that the accounts in question were not plaintiff's and must have been opened by another individual using plaintiff's identity without permission.

7.  As a result of the above telephone dispute, Trans Union sent plaintiff a document dated September 25, 2008 indicating that it had conducted an investigation and that it had verified with Verizon that the information regarding the 2 accounts was accurate.  Said document did not indicate the accounts were disputed.

8.  On October 22, 2008, plaintiff sent Verizon a letter disputing that the accounts were not hers and that at the time they were opened she was a minor and thus did not have legal capacity to open them.  In the letter plaintiff requested that Verizon contact Trans Union to have the information regarding the accounts removed from her credit history.

9. Plaintiff sent Trans Union a letter dated December 18, 2008 by certified mail, return receipt requested, disputing the accounts as the result of identity theft and enclosing documentation reflecting that she was a minor at the time the accounts were opened and thus did not have legal capacity to contract for them.  Plaintiff's letter was received by Trans Union on December 22, 2008.

10.  Trans Union did not respond in writing to plaintiff's letter, so plaintiff called Trans Union on January 23, 2009.  Trans Union's representative told plaintiff that the accounts had been previously verified so no changes would be made to plaintiff's credit file.

## Federal Claims

### COUNT I

### (FCRA v. Verizon)

11.  The allegations of paragraphs 1 – 10 are incorporated herein as if fully set forth.

12.  Verizon violated 15 U.S.C. §1681s-2(b)(1) by failing to conduct reasonable investigations of plaintiff's disputes upon notification by Trans Union, including but not limited to failing to review all relevant information regarding same and by failing to accurately respond to Trans Union.

13.  As results of Verizon's misconduct, plaintiff's credit score was reduced, plaintiff was unable to obtain and benefit from credit, and plaintiff suffered the anguish, distress, and humiliation of credit denials.

14.  Verizon's misconduct was willful, rendering it liable for actual or statutory and punitive damages pursuant to 15 U.S.C. §1681n.   Alternatively, Verizon's conduct was negligent, rendering it liable for actual damages under 15 U.S.C. §1681o.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment:

(i)     awarding her actual or statutory and punitive damages pursuant to 15

        U.S.C. §1681 or alternatively, awarding her damages pursuant to 15

        U.S.C. §1681o;

(ii)    ordering Verizon to instruct Trans Union to delete the subject accounts

        from plaintiff's credit file;

(iii)   awarding interest, costs, and reasonable attorney's fees;

(iv)    awarding such further relief as shall be just and proper.

## COUNT II

### (FDCPA v. Verizon)

15.  The allegations of paragraphs 1 – 14 are incorporated herein as if fully set forth.

16.  Verizon violated 15 U.S.C. §1692(e)(8) by failing to communicate to Trans Union

that plaintiff disputed the accounts in question.

17.  As results of Verizon's misconduct, plaintiff's credit score was reduced, plaintiff was

unable to obtain and benefit from credit, and plaintiff suffered the anguish, distress, and

humiliation of credit denials.

        WHEREFORE, plaintiff prays that this Honorable Court enter judgment:

(i)     awarding her actual and statutory damages;

(ii)    awarding interest, costs, and reasonable attorney's fees;

(iii)   awarding such further relief as shall be just and proper.

## COUNT III

### (FCRA v. Trans Union)

18.  The allegations of paragraphs 1 – 17 are incorporated herein as if fully set forth.

19.  Trans Union violated 15 U.S.C. §1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of plaintiff's credit report and credit files.

20.  As results of said misconduct, plaintiff's credit score was reduced, plaintiff was unable to obtain and benefit from credit, and plaintiff suffered the anguish, distress, and humiliation of credit denials.

21.  The misconduct of Trans Union was willful, rendering it liable for actual or statutory and punitive damages pursuant to 15 U.S.C. §1681n.  Alternatively, Trans Union was negligent, entitling plaintiff to actual damages pursuant to 15 U.S.C. §1681o.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment:

(i)      awarding her actual or statutory and punitive damages pursuant to 15 U.S.C. §1681 or alternatively, awarding her actual damages pursuant to 15 U.S.C. §1681o;

(ii)     ordering Trans Union to delete the subject accounts from plaintiff's credit file;

(iii)    awarding interest, costs, and reasonable attorney's fees;

(iv)    awarding such further relief as shall be just and proper.

## COUNT IV

## (FCRA v. Trans Union)

22.  The allegations of paragraphs 1 – 21 are incorporated herein as if fully set forth.

23.  Trans Union violated 15 U.S.C. §1681i(a) by failing to conduct reasonable reinvestigations of plaintiff's disputes including, but not limited to, failing to consider and credit reliable information submitted by plaintiff, failing to forward all relevant

information to Verizon, and relying upon verification from a source it had reason to know was unreliable.

24.  As results of said misconduct, plaintiff's credit score was reduced, plaintiff was unable to obtain and benefit from credit, and plaintiff suffered the anguish, distress, and humiliation of credit denials.

25.  The misconduct of Trans Union was willful, rendering it liable for punitive damages pursuant to 15 U.S.C. §1681n.  Alternatively, Trans Union was negligent, entitling plaintiff to damages pursuant to 15 U.S.C. §1681o.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment:

(i)      awarding her actual or statutory and punitive damages pursuant to 15 U.S.C. §1681n or alternatively, awarding her actual damages pursuant to 15 U.S.C. §1681o;

(ii)     ordering Trans Union to delete the alleged accounts from plaintiff's credit file;

(iii)    awarding interest, costs, and reasonable attorney's fees;

(iv)     awarding such further relief as shall be just and proper.

## State Law Claims

### COUNT V

26.  The allegations of paragraphs 1 – 25 are incorporated herein as if fully set forth.

27.  Verizon provided information to Trans Union knowing or having reasonable cause to believe that it was inaccurate, thus violating G.L. c. 93, §54A(a).

28.  As results of Verizon's misconduct, plaintiff's credit score was reduced, plaintiff was unable to obtain and benefit from credit, and plaintiff suffered the anguish, distress, and humiliation of credit denials.

29.  Verizon's violations as aforesaid were willful.  Alternatively, plaintiff alleges that the violations were negligent.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment:

(i)      awarding her actual and punitive damages pursuant to G.L. c. 93, §63, or alternatively, awarding her actual damages pursuant to G.L. c. 93, §64;

(ii)     ordering Verizon to instruct Trans Union to delete the subject accounts from plaintiff's credit file;

(iii)    awarding interest, costs, and reasonable attorney's fees;

(iv)    awarding such further relief as shall be just and proper

## COUNT VI

30.  The allegations of paragraphs 1 – 25 are incorporated herein as if fully set forth.

31.  Upon receiving notice of plaintiff's disputes from Trans Union, Verizon failed to review relevant information submitted by Trans Union and failed to complete  reasonable investigations of the disputes, thus violating G.L. c. 93, §54A(f).

32.  As results of Verizon's misconduct, plaintiff's credit score was reduced, plaintiff was unable to obtain and benefit from credit, and plaintiff suffered the anguish, distress, and humiliation of credit denials.

33.  Verizon's violations as aforesaid were willful.  Alternatively, plaintiff alleges that the violations were negligent.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment:

(i)     awarding her actual and punitive damages pursuant to G.L. c. 93, §63, or alternatively, awarding her actual damages pursuant to G.L. c. 93, §64;

(ii)    ordering Verizon to instruct Trans Union to delete the subject accounts from plaintiff's credit file;

(iii)   awarding interest, costs, and reasonable attorney's fees;

(iv)    awarding such further relief as shall be just and proper.

## COUNT VII

34.  The allegations of paragraphs 1 – 25 are incorporated herein as if fully set forth.

35.   The subject accounts were at all relevant times subject to a continuing bona fide dispute between plaintiff and Verizon, yet Verizon failed to report the fact of said dispute to Trans Union, thus violating G.L. c. 93, §54(c).

36.  As results of Verizon's misconduct, plaintiff's credit score was reduced, plaintiff was unable to obtain and benefit from credit, and plaintiff suffered the anguish, distress, and humiliation of credit denials.

37.  Verizon's violations as aforesaid were willful.  Alternatively, plaintiff alleges that the violations were negligent.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment:

(i)     awarding her actual and punitive damages pursuant to G.L. c. 93, §63, or alternatively, awarding her actual damages pursuant to G.L. c. 93, §64;

(ii)    awarding interest, costs, and reasonable attorney's fees;

(iii)   awarding such further relief as shall be just and proper.

## COUNT VIII

38.  The allegations of paragraphs 1 - 25 are incorporated herein as if fully set forth.

39.   Plaintiff submitted to Trans Union documentation from public records which confirmed that its credit reporting was inaccurate, yet Trans Union failed and refused to accept same, thus violating G.L. c. 93, §58(h).

40.  As results of said misconduct, plaintiff's credit score was reduced, plaintiff was unable to obtain and benefit from credit, and plaintiff suffered the anguish, distress, and humiliation of credit denials.

41.  Trans Union's failure to comply with said statute was willful.  Alternatively, plaintiff alleges that such failure was negligent.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment:

(i)      awarding her actual and punitive damages pursuant to G.L. c. 93, §63, or alternatively, awarding her actual damages pursuant to G.L. c. 93, §64;

(ii)     ordering Trans Union to delete the subject accounts from plaintiff's credit file;

(iii)    awarding interest, costs, and reasonable attorney's fees;

(iv)    awarding such further relief as shall be just and proper.

## COUNT VIII

42.  The allegations of paragraphs 1 – 25 are incorporated herein as if fully set forth.

43.  Trans Union failed to conduct reasonable investigations regarding plaintiff's disputes, thus violating G.L. c. 93, §54A(g).

44.  As results of said misconduct, plaintiff's credit score was reduced, plaintiff was unable to obtain and benefit from credit, and plaintiff suffered the anguish, distress, and humiliation of credit denials.

45.  Trans Union's violations as aforesaid were willful.  Alternatively, plaintiff alleges that the violations were negligent.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment:

(i)      awarding her actual and punitive damages pursuant to G.L. c. 93, §63, or alternatively, awarding her actual damages pursuant to G.L. c. 93, §64;

(ii)     ordering Experian to delete the subject accounts from plaintiff's credit file;

(iii)    awarding interest, costs, and reasonable attorney's fees;

(iv)    awarding such further relief as shall be just and proper.


**Plaintiff claims trial by jury.**


STEPHANIE M. CATANZARO
By her attorney:

*/s/Kenneth D. Quat*
BBO #408640
QUAT LAW OFFICES
678 Massachusetts Avenue, Suite 702
Cambridge MA 02139
617-492-0522
kquat@quatlaw.com